IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**ROOSEVELT ROSS, III**,

      Plaintiff,

  v.

**GEE DEALER SERVICES** and **AUTO ACCEPTANCE**,

      Defendants.

No. 3:19-cv-00391-AC

OPINION AND ORDER

**MOSMAN, J.**,

On March 21, 2019, Magistrate Judge John V. Acosta issued his Findings and Recommendation (F&R) [9], recommending that I dismiss Plaintiff Roosevelt Ross III's Complaint [1] under 28 U.S.C. § 1915 for lack of subject matter jurisdiction. Neither party objected. After Judge Acosta issued his F&R, Mr. Ross filed an Amended Complaint [12]. For the reasons stated below, Judge Acosta's F&R is adopted in full and the Amended Complaint [12] is DISMISSED with leave to amend.

**DISCUSSION**

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to

make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

Although Mr. Ross asserted federal question jurisdiction, Judge Acosta found that Mr. Ross failed to state a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Mr. Ross did not allege diversity jurisdiction under 28 U.S.C. § 1332, but Judge Acosta also found that diversity jurisdiction was not apparent on the face of the Complaint. F&R [9] at 5. Mr. Ross, a resident of Oregon, named Ryan Gee, also a resident of Oregon, as a defendant. As noted by Judge Acosta, for a court to have jurisdiction under 28 U.S.C. § 1332, "each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

After Judge Acosta issued his F&R, Mr. Ross filed his Amended Complaint [12], in which Mr. Gee was not named as a defendant. Removing Mr. Gee does not, however, solve Mr. Ross's jurisdictional issues. Mr. Ross states in his Amended Complaint that "'GEE DEALER SERVICES d/b/a/ 'AUTO ACCEPTANCE'" is a Washington corporation with principle places of business in Washington and Oregon. Am. Compl. [12] at 1. For the purposes of determining diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State or foreign state where it has its principle place of business." 28 U.S.C. 1332(c)(1). Therefore, by alleging

that Defendants have a principle place of business in Oregon, Mr. Ross's Amended Complaint [12] again fails to allege complete diversity.

"Unless it is absolutely clear that no amendment can cure the defect, however, a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Judge Acosta's F&R clearly stated the requirements for asserting diversity jurisdiction. *See* F&R [9] at 6. It is understandable, however, that a pro se litigant would not consider the jurisdictional consequences of a corporation's dual citizenship. It is not clear that Mr. Ross amended his Complaint with knowledge of the import of alleging that one of Defendants' principle places of business was Oregon. It is also not clear that further amendment would be futile, as the Amended Complaint [12] alleges that Defendants have two principle places of business, one of which would support diversity jurisdiction. Therefore, leave to amend is appropriate.

## CONCLUSION

Upon review, I agree with Judge Acosta's recommendation and I ADOPT the F&R [9] in full. Plaintiff's Complaint [1] is dismissed. For the reasons stated above, Plaintiff's Amended Complaint is DISMISSED with leave to amend within fourteen (14) days. Plaintiff is advised that failure to file a second amended complaint within the allotted time will result in the entry of a judgment of dismissal.

IT IS SO ORDERED.

DATED this   4th  day of June, 2019.

*Michael W. Mosman*
MICHAEL W. MOSMAN
Chief United States District Judge