IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**ROOSEVELT ROSS III**,

    Plaintiff,

v.

**GEE DEALER SERVICES** and **AUTO ACCEPTANCE**,

    Defendants.

No. 3:19-cv-00391-AC

OPINION AND ORDER

**MOSMAN, J.,**

On June 26, 2019, Magistrate Judge John V. Acosta issued his Findings and Recommendation (F&R) [16], recommending that I dismiss Plaintiff Roosevelt Ross III's Second Amended Complaint [15] under 28 U.S.C. § 1915 for lack of subject matter jurisdiction. Neither party objected. After Judge Acosta issued his F&R, Mr. Ross filed a Third Amended Complaint [18]. For the reasons stated below, Judge Acosta's F&R is adopted in full and the Third Amended Complaint [18] is DISMISSED.

## DISCUSSION

I.    Standard of Review

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge,

1 – OPINION AND ORDER

but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

II. Procedural History

Mr. Ross's Third Amended Complaint is the second iteration of repleading on the heels of a dismissal in this case. On March 21, 2019, Judge Acosta issued an F&R [9] recommending that I dismiss Mr. Ross's initial Complaint [1] under 28 U.S.C. § 1915 for lack of subject matter jurisdiction. Rather than filing an objection, Mr. Ross filed his First Amended Complaint [12]. In my June 4, 2019, Opinion and Order, I adopted Judge Acosta's F&R in full, dismissed the First Amended Complaint for lack of subject matter jurisdiction, and granted Mr. Ross leave to amend. Opinion and Order [14] at 3. Mr. Ross then filed his Second Amended Complaint [15], which contained the same jurisdictional defect—a lack of complete diversity—present in the Complaint and First Amended Complaint. F&R [16] at 10. Therefore, in the latest F&R, Judge Acosta recommended that I dismiss Mr. Ross's Second Amended Complaint. F&R [16] at 11. Judge Acosta also recommended one additional opportunity to amend because Mr. Ross had attempted to plead federal question jurisdiction under 42 U.S.C. § 1981 but failed to allege that

Defendants engaged in intentional race discrimination. F&R [16] at 10–11. Shortly after Judge Acosta issued his F&R, Mr. Ross filed his Third Amended Complaint.

   III.   Second Amended Complaint

I agree with Judge Acosta's finding that Mr. Ross's Second Amended Complaint suffers from the same jurisdictional defect present in the first two complaints: Mr. Ross is a citizen of Oregon and alleged that at least one Defendant is also a citizen of Oregon. In addition, I agree with Judge Acosta's finding that Mr. Ross failed to adequately state a claim under 42 U.S.C. § 1981, as the Second Amended Complaint makes no allegation that Defendants engaged in race discrimination. Finally, Judge Acosta correctly found that Mr. Ross's constitutional allegations fail to establish federal question jurisdiction because they do not state a claim for relief. *See* F&R [16] at 7 (citing *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992)). For these reasons, in addition to those stated in my previous Opinion and Order [14], I adopt Judge Acosta's recommendation—Mr. Ross's Second Amended Complaint is DISMISSED.

   IV.   Third Amended Complaint

      A. Complete Diversity

As in the previous versions of his Complaint, Mr. Ross's Third Amended Complaint seeks to "enforce the accord and satisfaction" allegedly established by Mr. Ross's tender of a $497.39 car payment via a money order on which he had written "payment in full satisfaction of all claims." Compl. [18] Ex. A. The balance of the debt for the car, a 2018 Chevy Malibu, after Mr. Ross's payment appears to have been $23,574.20. Compl. [18] Ex. A.

In his Third Amended Complaint, Mr. Ross changed his pleading in only one significant way: he removed the allegation that one of Defendant's principle places of business was Oregon.

*Compare* Compl. [15] at ¶3, *with* Compl. [18] at ¶3. The Third Amended Complaint now asserts that Defendant is incorporated in the state of Washington and is located in Washington. Therefore, the Third Amended Complaint alleges complete diversity.

B. <u>Amount in Controversy</u>

In addition to the requirement of complete diversity, diversity jurisdiction requires that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). "The sum claimed by plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938). The amount in controversy may include punitive damages when they are recoverable as a matter of law. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). "In general, punitive damages are not recoverable for breach of contract unless the conduct constituting the breach is also a tort for which punitive damages are recoverable." Restatement (Second) of Contracts § 355 (1981). Both Oregon and Washington follow this general rule. *See, e.g., Express Creditcorp v. Or. Bank*, 767 P.2d 493, 495 (Or. App. 1989); *Lind Bldg. Corp. v. Pac. Bellevue Devs.*, 776 P.2d 977, 980 (Wa. App. 1989).

Mr. Ross requested three forms of relief in his Third Amended Complaint: (1) one thousand dollars in compensatory damages, "for all payments made after the acceptance of money order tendered for accord and satisfaction," (2) the release of the lien and title to the 2018 Chevrolet Malibu, and (3) seventy-five thousand dollars in punitive damages for "breach of contract, pain and suffering, harassment, emotional distress, and dishonor for breach of contract." Compl. [18] at 4. Based on the requested relief, I find that the Third Amended Complaint fails to establish an amount in controversy that exceeds seventy-five thousand dollars.

Mr. Ross has not alleged that Defendants engaged in conduct that was tortious. Therefore, no punitive damages are permissible on his state law breach of contract claim. Nor does the Third Amended Complaint state any facts that suggest Defendants are liable for pain and suffering, harassment, or emotional distress. Therefore, I find to a legal certainty that Mr. Ross cannot recover the $75,000 in punitive damages he seeks. The maximum amount in controversy that Mr. Ross has alleged is one thousand dollars in compensatory damages and the value of the release of the lien on the 2018 Chevrolet Malibu at the time of the alleged accord and satisfaction. Based on Mr. Ross's pleadings, I find the value of the release of the lien at the time of the alleged accord and satisfaction to be $23,574.20. Compl. [18] Ex. A. Therefore, the total amount in controversy alleged in Mr. Ross's Third Amended Complaint is $24,574.20, which is below the amount necessary to establish jurisdiction under 28 U.S.C. § 1332. Therefore, I find that this Court does not have jurisdiction and the Third Amended Complaint [18] is DISMISSED.

## CONCLUSION

Upon review, I agree with Judge Acosta's recommendation and I ADOPT the F&R [16] in full. Plaintiff's Second Amended Complaint [15] is DISMISSED. In addition, for the reasons stated above, Plaintiff's Third Amended Complaint [18] is DISMISSED. Because the Court has provided Plaintiff ample opportunity to correct the jurisdictional defects in his claim, no further leave to amend will be granted.

IT IS SO ORDERED.

DATED this 6'th day of September, 2019.

MICHAEL W. MOSMAN
Chief United States District Judge